An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MARTINEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64648

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In his July 26, 2013, petition, appellant claimed that he received ineffective assistance from both trial and appellate counsel. To prove ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 11563

prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that trial counsel was ineffective for failing to argue at sentencing for a reduced sentence and for failing to fight the deadly weapon enhancement. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant's claim regarding the failure to argue at sentencing for a reduced sentence is belied by the record. Trial counsel filed a sentencing memorandum, presented mitigation evidence, and asked for probation. As to appellant's claim regarding the deadly weapon enhancement, appellant failed to demonstrate specific facts that, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Appellant pleaded guilty to voluntary manslaughter with use of a deadly weapon and he failed to provide any argument as to how trial counsel could have fought the enhancement. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that appellate counsel was ineffective for failing to raise appropriate issues on appeal. Appellant failed to support this claim with specific facts that, if true, entitled him to relief, *id,*

because he failed to allege what claims appellate counsel should have raised. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Jessie Elizabeth Walsh, District Judge
   Michael Martinez
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk